**DAVID A. DILLARD, CA Bar No. 97515**
DDillard@lrrc.com
**SAMI I. SCHILLY, CA Bar No. 301653**
SSchilly@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff,
BLUMENTHAL DISTRIBUTING, INC.
D/B/A OFFICE STAR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUMENTHAL DISTRIBUTING, INC. D/B/A OFFICE STAR,<br><br>Plaintiff(s),<br><br>vs.<br><br>K & B FURNITURE CO., INC. and TRISTATE APARTMENT FURNISHERS, LLC<br><br>Defendant(s). | Case No. 5:16-cv-2543<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND COMMON LAW UNFAIR COMPETITION; JURY DEMAND REQUESTED** |

## I. JURISDICTION

1. This is an action for patent infringement in violation of the patent laws of the United States, 35 U.S.C. §1, et seq., for trade dress infringement under 15U.S.C.§I125(a); and for common law unfair competition under California law. This Court has jurisdiction under 28 U.S.C. §§ 1338(a) and (b) as to the claims under federal law and pursuant to 28 U.S.C. § 267(a) for Plaintiff's claim under state law.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and/or (c) and 1400(b) in that Defendants are subject to personal jurisdiction in this judicial district.

Lewis Roca ROTHGERBER CHRISTIE
655 North Central Avenue
Suite 2300
Glendale, California 91203-1445

## II.  PARTIES

3. Plaintiff Blumenthal Distributing, Inc., which does business under the trade name Office Star Products ("Office Star"), is a corporation organized and existing under the laws of the State of California having a principal place of business at 1901 S. Archibald Avenue, Ontario, California 91761.

4. On information and belief, Defendant K & B Furniture Co., Inc. does business under the laws of the State of New York, having a principal place of business at 430 Southern Boulevard Bronx, NY 10455 and Defendant TriState Apartment Furnishers, LLC does business under the laws of the State of New York, having a principle business at 431 Timpson Place, Bronx, New York, 10455. Defendants do business in New York and within this judicial district.

## III.  FACTUAL BACKGROUND

5. Office Star has been engaged for many years and is presently engaged in the design and distribution of office furniture. Office Star's products are sold throughout the United States in various channels of trade including e-commerce, catalogs, retail stores, and third party fulfillment.

6. In August 2004, Office Star introduced an office chair having a novel and distinctive design, which chair was designated as either the 5500 or 5700 chair depending on whether the chair had mesh or leather seats. Additional chairs in the series, including the 5505 chair have been added to the 5500 and 5700 series chair lines. Office Star and its retailer customers have extensively promoted the 5500 and 5700 series chairs resulting in an outstanding commercial success of the chairs and the designs of the chairs acting as a designation of source. As a result, the designs of the 5500 and 5700 series chairs have acquired a goodwill which inures to Office Star's benefit. Printouts of promotional material showing examples of Plaintiffs 5500 and 5700 series chairs are attached hereto as Exhibit A.

7. On May 19, 2004, Tung-Hua Su ("Su") filed an application, Serial

No. 29/205,701, with the United States Patent and Trademark Office to obtain a design patent on its original and unique chair design for the 5500 and 5700 series chairs. A patent for the design entitled "Chair," Patent Number D510,488 issued on October 11, 2005 ("the '488 Patent"). Su has assigned to Office Star the exclusive right to sue for infringement of the '488 Patent. A copy of the '488 Patent is attached hereto as Exhibit B.

8.  Notwithstanding the rights of Office Star in the design of the 5500 and 5700 series chairs, on information and belief, Defendants have manufactured, imported, distributed, offered for sale and/or sold office chairs which are a colorable imitation of the patented 5500 and 5700 series chair designs, including those chairs identified as H05505 in the promotional materials attached hereto as Exhibit C.

9.  Defendants' manufacture, importation, distribution, offer for sale and/or sale of office chairs which embody Plaintiffs original and distinctive models 5500 and 5700 series chair designs has been and is without the consent or authorization of Su or Office Star.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement)

10. Plaintiff repeats and realleges herein the allegations contained in paragraphs 1 through 9 hereinabove.

11. On information and belief, Defendants, alone or in concert with others, have had manufactured, imported, distributed, offered for sale, and/or sold and continues to offer for sale and sell in this district and elsewhere in the United States, office chairs which infringe the claims of the '488 Patent.

12. By its aforesaid acts, Defendants have violated 35 U.S.C. § 271 by its direct infringement of the '488 Patent and by their acts of inducing others to infringe the '488 Patent.

13. On information and belief, the acts of infringement of Defendants

will continue unless enjoined by this Court.

14. Plaintiff is being damaged by Defendants' infringement of the '488 Patent and is being and will continue to be irreparably damaged unless Defendants' infringement is enjoined by this Court. Plaintiff does not have an adequate remedy at law.

15. On information and belief, Defendants' infringement of the '488 patent is and has been willful.

## SECOND CLAIM FOR RELIEF
### (Trade Dress Infringement)

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 9 hereinabove.

17. As a result of the promotion and extensive sales of Office Star's 5500 and 5700 series of chairs, the trade and consuming public have come to recognize the trade dress of the chairs as designating a single source of origin.

18. Defendants' use of a chair design which is a copy of Office Star's 5500 and 5700 series chair designs is likely to cause confusion that Defendants' chairs are made by, sponsored by, or affiliated with Plaintiff.

19. Defendants have knowledge of the sales success of Office Star's 5500 and 5700 series chairs and with complete disregard in Plaintiff's rights in the chairs' trade dress, has copied Plaintiff's trade dress and promoted and sold office chairs bearing a colorable imitation of Plaintiff's trade dress in a manner unfairly competing with Plaintiff.

20. The above-described acts of Defendant constitute trade dress infringement in violation of 15 U.S.C. § 1125(a).

21. Plaintiff is being damaged and is likely to be damaged in the future by Defendants' acts by reason of the likelihood that purchasers will be confused as to the source, sponsorship, or affiliation of Defendants' goods.

22. Defendants have unfairly profited from the actions alleged herein

and will continue to be unjustly enriched until such conduct is enjoined.

23. By reason of Defendants' acts alleged herein, Plaintiff will suffer damage to its business reputation and goodwill and the loss of sales and profits Plaintiff would have made but for Defendant's acts.

24. By reason of Defendants' acts alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm unless and until Defendants conduct is enjoined.

25. Defendant's acts alleged herein were and are willful and taken in conscious disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
### (Common Law Unfair Competition)

26. Plaintiff repeats and realleges paragraphs 1 through 9 and 17 through 25 hereinabove.

27. The above-described conduct of Defendant constitutes unfair competition under the common law of the State of California.

28. Because Defendants' acts of trade dress infringement have been intentional and willful and in conscious disregard of Plaintiff's rights and with an intent to trade on the goodwill of Plaintiff, Plaintiff is entitled to an award of punitive damages.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. That this Court adjudge and declare:

    a. That it has jurisdiction of the parties and of the subject matter of this action;

    b. That United States Patent D510,488 is valid;

    c. That the trade dress of Plaintiffs 5500 and 5700 series chairs is protectable and inures to Plaintiff's benefit;

    d. That Defendants have committed acts of patent infringement

and trade dress infringement by its manufacture, importation, distribution, offer for sale and/or sale of office chairs having a design that is a colorable imitation of Plaintiff's 5500 and 5700 series chair design; and

  e. That Defendants have committed acts of unfair competition by their acts of willful trade dress infringement.

  2. That Defendants be required by mandatory injunction to deliver up to Plaintiff for destruction any and all chairs in Defendants' possession, custody or control embodying unauthorized use of the design shown in United States Patent No. D5 1 0,488 or the design of Plaintiff's 5500 and 5700 series chairs as well as any promotional literature and packaging which display an infringing chair design;

  3. That Plaintiff be awarded damages covered by the acts of patent infringement of Defendants in an amount not less than a reasonable royalty pursuant to 25 U.S.C. 284 or in an amount equal to Defendants' profits pursuant to 35 U.S.C. § 289, whichever is greater and that such damages be trebled in accordance with the provisions of 35 U.S.C. § 284;

  4. That Defendants pay to Plaintiff their damages and all profits which Defendants have received from sale of the infringing chairs during the period of the infringement of Plaintiffs trade dress, and that such damages be trebled in accordance with the provisions of 15 U.S.C. § 1117;

  5. That Defendants pay Plaintiff punitive damages;

  6. That Defendants pay Plaintiff prejudgment interest on all infringement damages;

  7. That Plaintiff recover its costs in this action, including attorney's fees; and

8.  That Plaintiff have such other or further relief as the Court may deem just and proper.

DATED: December 9, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ David A. Dillard
    David A. Dillard

Attorneys for Plaintiff,
BLUMENTHAL DISTRIBUTING, INC.
D/B/A OFFICE STAR

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED: December 9, 2016

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/ David A. Dillard
    David A. Dillard

Attorneys for Plaintiff,
BLUMENTHAL DISTRIBUTING, INC.
D/B/A OFFICE STAR

GHK PAS1453257.1-*-12/9/16 2:53 PM